# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

FEDERAL TRADE COMMISSION,

      Plaintiff,

v.

CARDFLEX, INC.,  a California Corporation;

BLAZE PROCESSING, LLC, an Idaho limited liability company;

MACH 1 MERCHANTING, LLC, an Idaho limited liability company;

ANDREW PHILLIPS, individually and as an officer of CardFlex, Inc.;

JOHN BLAUGRUND, individually and as an officer of CardFlex, Inc.;

SHANE FISHER, individually and as a manager of Blaze Processing, LLC, and Mach 1 Merchanting, LLC;

and JEREMY LIVINGSTON, individually and as a manager of Blaze Processing, LLC, and Mach 1 Merchanting, LLC;

      Defendants.

CIVIL NO. 3:14-cv-397-MMD-GWF
_____

**[Proposed]
STIPULATED
PERMANENT
INJUNCTION AND  FINAL
ORDER AGAINST
DEFENDANTS BLAZE
PROCESSING, LLC; MACH
1 MERCHANTING, LLC;
AND SHANE FISHER**

Plaintiff, the Federal Trade Commission ("FTC" or the "Commission"), has, concurrently herewith, filed its Complaint against CardFlex, Inc. ("CardFlex"), Blaze Processing, LLC, ("Blaze"), Mach 1 Merchanting LLC ("Mach 1"), Andrew Phillips, John Blaugrund, Shane Fisher and Jeremy Livingston ("Defendants"), for a permanent injunction and other equitable relief in this action, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b).  The FTC and Blaze, Mach 1, and Fisher ("Settling Defendants") stipulate to the entry of this Order to resolve all matters in dispute in this action between them.

1

THEREFORE, it is ORDERED as follows:

## **FINDINGS**

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendants participated in unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a), by enabling merchants to impose unauthorized charges to consumers' credit and debit card accounts.

3.      Settling Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in the Order.  Only for purposes of this action, Settling Defendants admit the facts necessary to establish jurisdiction.

4.      Settling Defendants waive all rights to seek appellate review or otherwise challenge or contest the validity of this Order.  Settling Defendants further waive and release any claim they may have against Plaintiff, its employees, representatives, or agents.

5.      Settling Defendants waive any claim that they may hold under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney's fees.

6.      Settling Defendants waive all rights to appeal or otherwise challenge the validity of this Order.

## **DEFINITIONS**

For the purpose of this Order, the following definitions shall apply:

1.      "ACH Debit" means any completed or attempted debit to a Person's account at a financial institution that is processed electronically through the Automated Clearing House Network.

2.      "Client" means any Person (a) who obtains, directly or indirectly, from any Settling Defendant a merchant account that enables the acceptance of payments from a consumer for goods, services, or charitable donations; or (b) for whom any Settling Defendant act as a Sales Agent, either directly or indirectly.

3.      "Corporate Defendant" and "Corporate Defendants" means Blaze Processing, LLC ("Blaze"), Mach 1 Merchanting LLC ("Mach 1"), and their successors and assigns.

4.      "Defendant" and "Defendants" means CardFlex, Blaze, Mach 1, Andrew M. Phillips, John S. Blaugrund, Shane Fisher and Jeremy Livingston, individually, collectively, or in any combination.

5.      "Independent Sales Organization" or "ISO" means any Person that (a) enters into an agreement or contract with a Payment Processor to sell or market Payment Processing services to a merchant; and (b) holds, directly or indirectly, either partial or full liability in the event of losses related to the Payment Processing activities conducted by or on behalf of the merchant.

6.      "Individual Defendant" means Shane Fisher.

7.      "iWorks" means the entities and individuals named as defendants in *FTC v. Jeremy Johnson, et al.* No. 2:10-cv-2203-RLH-GWF (D. Nev., filed December 21, 2010), and Big Bucks Pro, Inc.; Blue Streak Processing, Inc.; Bottom Dollar, Inc.; Bumble Marketing, Inc.; Business Loan Success, Inc.; Cutting Edge Processing, Inc.; Diamond J. Media, Inc.; Ebusiness First, Inc.; Ebusiness Success, Inc.; Ecom Success, Inc.; Excess Net Success, Inc.; Fiscal Fidelity, Inc.; Funding Search Success, Inc.; Funding Success, Inc.; GG Processing, Inc.; GGL Rewards, Inc.; Hooper Processing, Inc.; Internet Fitness, Inc.; Net Business Success, Inc.; Net

Commerce, Inc.; Net Discounts, Inc.; Net Fit Trends, Inc.; Network Agenda, LLC; Optimum Assistance, Inc.; Pro Internet Services, Inc.; Razor Processing, Inc.; Simcor Marketing, Inc.; Summit Processing, Inc.; Unlimited Processing, Inc.; Xcel Processing, Inc., and any other entity owned or controlled by Jeremy Johnson.

8.     "Payment Processing" means providing a Person, directly or indirectly, with the means used to charge or debit accounts through the use of any payment mechanism, including, but not limited to, Remotely Created Payment Orders, Remotely Created Checks, ACH Debits, or debit, credit, prepaid, or stored value cards.  Whether accomplished through the use of software or otherwise, Payment Processing includes, among other things:  (a) reviewing and approving merchant applications for payment processing services; (b) providing the means to transmit sales transaction data from merchants to acquiring banks or other financial institutions; (c) clearing, settling, or distributing proceeds of sales transactions from acquiring banks or financial institutions to merchants; or (d) processing Chargebacks or returned Remotely Created Payment Orders, Remotely Created Checks, or ACH Debits.

9.     "Payment Processor" means any Person providing Payment Processing services in connection with another Person's sale of goods or services, or in connection with any charitable donation.

10.     "Person" means any natural person or any entity, corporation, partnership, or association of persons.

11.     "Remotely Created Check" or "RCC" means a check that is not created by the paying bank and that does not bear a signature applied, or purported to be applied, by the Person on whose financial account the check is drawn.  A remotely created check is often also referred to as a "demand draft," "telephone check" or "preauthorized draft."  For purposes of this

definition, a remotely created check originates as a paper-based transaction, but can be processed subsequently through electronic means (such as through check imaging or scanning) or through non-electronic means.

12.   "Remotely Created Payment Order" or "RCPO" means a payment instruction or order drawn on a Person's financial account that is initiated or created by the payee and that does not bear a signature applied, or purported to be applied, by the Person on whose financial account the order is drawn, and which is deposited into or cleared through the check clearing system.  For purposes of this definition, unlike a Remotely Created Check, a Remotely Created Payment Order does not originate as a paper-based transaction.  A Remotely Created Payment Order is created when a payee directly or indirectly enters financial account and routing numbers into an electronic check template that is converted into an electronic file for deposit into the check clearing system.

13.   "Sales Agent" means a Person that matches, arranges, or refers prospective Clients or Clients to a Payment Processor or ISO for Payment Processing, but does not hold any contractual liability in the event of losses related to the Payment Processing activities conducted by or on behalf of Clients.  As such, a Sales Agent may be involved in recommending a particular Payment Processor or ISO to a prospective Client, forwarding to the Payment Processor or ISO a prospective Client's or Client's merchant application, or negotiating rates and fees charged by a Payment Processor or ISO, but a Sales Agent may not be involved in any Payment Processing and may not act as an ISO.

14.   "Settling Defendants" means Blaze, Mach 1, and Shane Fisher individually, collectively, or in any combination.

15.   The words "and" and "or" shall be understood to have both conjunctive and

disjunctive meanings.

## I.

### PROHIBITION AGAINST PAYMENT PROCESSING OR ACTING AS AN ISO OR SALES AGENT

**IT IS ORDERED that** Settling Defendants, their successors and assigns, whether acting directly or through any Person, subsidiary division, or other device, are permanently restrained and enjoined from Payment Processing or acting as an ISO or Sales Agent for any Client.

**Provided, however,** that this section shall not prevent Defendant Shane Fisher from obtaining payment processing services for the purpose of accepting payments from consumers for goods and services sold by or on behalf of any business in which Shane Fisher owns at least a twenty five percent share.

## II.

### MONETARY JUDGMENT

A. Judgment in the amount of $328,467.23 (Three Hundred Twenty- Eight Thousand, Four Hundred Sixty-Seven Dollars and Twenty-Three Cents) is entered in favor of the Commission against the Individual Defendant, as equitable monetary relief.

B. Judgment in the amount of $270,802.84 (Two Hundred Seventy Thousand, Eight Hundred and Two Dollars and Eighty-Four Cents) is entered in favor of the Commission against Defendant Mach 1, as equitable monetary relief.

C. Judgment in the amount of $386,131.62 (Three Hundred Eighty-Six Thousand, One Hundred Thirty-One Dollars and Sixty-Two Cents) is entered in favor of the Commission against Defendant Blaze, as equitable monetary relief.

D. Individual Defendant is ordered to pay to the Commission $328,467.23 (Three Hundred Twenty- Eight Thousand, Four Hundred Sixty-Seven Dollars and Twenty-Three Cents),

which, as he stipulates, he transferred to his undersigned counsel on May 19, 2014 to

hold in escrow for no purpose other than payment of this Judgment to the Commission.

The escrowed funds shall be paid to the Commission within 7 days of entry of this Order

by electronic fund transfer in accordance with instructions previously provided by a

representative of the Commission.

E.  Mach 1 is ordered to pay the Commission $100.01 (One hundred One Dollars and One

Cent) which, as Mach 1 stipulates, Mach 1 transferred to its undersigned counsel on May

19, 2014 to hold in escrow for no purpose other than payment of this Judgment to the

Commission.  The escrowed funds shall be paid to the Commission within 7 days of entry

of this Order by electronic fund transfer in accordance with instructions previously

provided by a representative of the Commission.   Upon such payment, the remainder of

the judgment issuspended, subject to Subsections G – I below.

F.  Blaze is ordered to pay the Commision $40.54 (Forty Dollars and Fifty Four Cents)

which, as Blaze stipulates, Blaze transferred to its undersigned counsel on May 19, 2014

to hold in escrow for no purpose other than payment of this Judgment to the

Commission.  The escrowed funds shall be paid to the Commission within 7 days of entry

of this Order by electronic fund transfer in accordance with instructions previously

provided by a representative of the Commission.  Upon such payment, the remainder of

the judgment issuspended, subject to Subsections G – I below.

G.   The Commission's agreement to the suspension of part of the judgments against

Corporate Defendants Mach 1 and Blaze is expressly premised upon the truthfulness,

accuracy and completeness of the the Declaration of Shane Fisher in his capacity as a

Member of Mach 1 and Blaze, dated May 19, 2014.

H.  The suspension of the judgment will be lifted as to any Corporate Defendant if, upon
    motion by the Commission, the Court finds that the Corporate Defendant failed to
    disclose any material asset, materially misstated the value of any asset, or made any other
    material misstatement or omission in the Declaration of Shane Fisher identified above.

I.  If the suspension of the judgment is lifted, the judgment becomes immediately due as to
    that Corporate Defendant in the amount specified in Subsections B and C above which
    the parties stipulate only for purposes of this Section represents the unjust enrichment
    alleged in the Complaint less any payment previously made pursuant to this Section plus
    interest computed from the date of entry of this Order.

J.  Settling Defendants relinquish dominion and all legal and equitable right, title, and
    interest in all assets transferred pursuant to this Order and may not seek the return of any
    assets.

K.  The facts alleged in the Complaint will be taken as true, without further proof, in any
    subsequent proceeding by or on behalf of the Commission to enforce its rights to any
    payment or monetary judgment pursuant to this Order in a nondischargeability complaint
    in any bankruptcy case.

L.  The facts alleged in the Complaint establish all elements necessary to sustain an action
    by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11
    U.S.C. §523(a)(2)(A), and this Order will have collateral estoppel effect for such
    purposes.

M.  Settling Defendants acknowledge that the Taxpayer Identification Numbers (Social
    Security Numbers or Employer Identification Numbers), which Settling Defendants
    previously submitted to the Commission, may be used for collecting and reporting on any

delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

N.  All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Settling Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Individual Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## III.

## PROHIBITION ON USE
## OF CONSUMER ACCOUNT INFORMATION

**IT IS FURTHER ORDERED** that Settling Defendants, whether acting directly or through any Person, subsidiary, division, or other device, are permanently restrained and enjoined from:

A.  Disclosing, using, or benefitting from iWorks customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), which was obtained by any Settling Defendant prior to entry of this Order; and

B.  ~~Failing to dispose of~~ Retaining such customer information in all forms in their possession, custody,

or control within thirty (30) days after entry of this Order.

**PROVIDED, HOWEVER,** that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## IV.

### <u>COOPERATION</u>

**IT IS FURTHER ORDERED** that Settling Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Settling Defendants  must provide truthful and complete information, evidence, and testimony.  Settling Defendants must appear and must cause Corporate Defendants' officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as Commission representative may designate, without the service of a subpoena.

## V.

### <u>ORDER ACKNOWLEDGMENTS</u>

**IT IS FURTHER ORDERED** that Settling Defendants obtain acknowledgments of receipt of this Order:

    A.  Each Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

    B.  For ten (10) years after entry of this Order, Individual Defendant for any business

that Individual Defendant, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC members and managers; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within seven days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities**.**

C. From each individual or entity to which Settling Defendant delivered a copy of this Order, that Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VI.

## <u>COMPLIANCE REPORTING</u>

**IT IS FURTHER ORDERED** that Settling Defendants make timely submissions to the Commission:

A. 180 days after entry of this Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury:

1. Each Settling Defendant must:

   i. Identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission  may use to communicate with Settling Defendant;

11

    ii. Identify all of that Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email and Internet addresses;

    iii. Describe the activities of each business, including the goods and services offered, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement);

    iv. Describe in detail whether and how that Settling Defendant is in compliance with each Section of this Order; and

    v. Provide a copy of each Order Acknowledgement obtained pursuant to this Order, unless previously submitted to the Commission;

2. Additionally, Individual Defendant must:

    i. Identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences;

    ii. Identify all business activities, including any business for which Individual Defendant performs services whether as an employee or otherwise and any entity in which such Individual Defendant has any ownership interest; and

    iii. Describe in detail Individual Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For ten (10) years following entry of this Order, Settling Defendants must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in

the following:

    1.  Each Settling Defendant must report a change in:

        i.  Any designated point of contact;

        ii.  The structure of any Corporate Defendant or any entity that Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

    2.  Additionally, Individual Defendant must report any change in:

        i.  Name, including aliases or fictitious name, or residence address; or

        ii.  Title or role in any business activity, including any business for which Individual Defendant performs services whether as an employee or otherwise and any entity in which Individual Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.  Each Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Settling Defendant within 14 days of its filing.

D.  Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed

on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v. CardFlex, Inc.

## VII.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that Settling Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years.  Specifically, Corporate Defendants and  Individual Defendant, for any business that such Setting Defendant, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and maintain the following records:

A.  Accounting records showing the revenues from all goods or services sold;

B.  Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.  Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response; and

D.  All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

# VIII.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Settling Defendant's compliance with this Order and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Settling Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with Settling Defendants. Settling Defendants must permit representatives of the Commission to interview any employee or other Person affiliated with any Settling Defendant who has agreed to such an interview. The Person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Settling Defendant or any individual or entity affiliated with Settling Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

**IX.**

**<u>RETENTION OF JURISDICTION</u>**

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.


**SO ORDERED,** this ___27th___ day of ___October_____ , 2014.

_____

United States District Judge

The parties, by their respective counsel, hereby consent to the terms and conditions of the

Order as set forth above and consent to the entry thereof.

FOR THE SETTLING DEFENDANTS:

_____     Dated: _5/19/14_

Jeremy Adamson, Esq.
Kunzler Law Group
Counsel for: Shane Fisher, Mach 1
Merchanting, LLC and Blaze Processing, LLC


_____     Dated: _____

Shane Fisher Individually
and as a member of Mach 1 Merchanting, LLC
and Blaze Processing, LLC
FOR PLAINTIFF, THE FEDERAL TRADE COMMISSION:



JONATHAN E. NUECHTERLEIN
FEDERAL TRADE COMMISSION,
General Counsel




_____     Dated: _____

Benjamin R. Davidson
bdavidson@ftc.gov
Karen S. Hobbs
khobbs@ftc.govAttorneys
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW, H-286
Washington, D.C. 20580
(202) 326-3055 (Davidson)
(202) 326-3587 (Hobbs)
Fax: (202) 326-3261

FOR THE SETTLING DEFENDANTS:


_____          Dated:_____

Jeremy Adamson, Esq.
Kunzler Law Group
Counsel for: Shane Fisher, Mach 1
Merchanting, LLC and Blaze Processing, LLC


_____          Dated:   5 - 19 - 14

Shane Fisher Individually
and as a member of Mach 1 Merchanting, LLC
and Blaze Processing, LLC
FOR PLAINTIFF, THE FEDERAL TRADE COMMISSION:



JONATHAN E. NUECHTERLEIN
FEDERAL TRADE COMMISSION,
General Counsel




_____          Dated: _____

Benjamin R. Davidson
bdavidson@ftc.gov
Karen S. Hobbs
khobbs@ftc.govAttorneys
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW, H-286
Washington, D.C. 20580
(202) 326-3055 (Davidson)
(202) 326-3587 (Hobbs)
Fax: (202) 326-3261

17

FOR THE SETTLING DEFENDANTS:


_____          Dated:_____
Jeremy Adamson, Esq.
Kunzler Law Group
Counsel for: Shane Fisher, Mach 1
Merchanting, LLC and Blaze Processing, LLC


_____          Dated: _____
Shane Fisher Individually
and as a member of Mach 1 Merchanting, LLC
and Blaze Processing, LLC
FOR PLAINTIFF, THE FEDERAL TRADE COMMISSION:



JONATHAN E. NUECHTERLEIN
FEDERAL TRADE COMMISSION,
General Counsel




_____          Dated: _7_/_30_/_14_____
Benjamin R. Davidson
bdavidson@ftc.gov
Karen S. Hobbs
khobbs@ftc.govAttorneys
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW, H-286
Washington, D.C. 20580
(202) 326-3055 (Davidson)
(202) 326-3587 (Hobbs)
Fax: (202) 326-3261