UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>CARDFLEX, INC., a California Corporation;<br><br>BLAZE PROCESSING, LLC, an Idaho limited liability company;<br><br>MACH 1 MERCHANTING, LLC, an Idaho limited liability company;<br><br>ANDREW PHILLIPS, individually and as an officer of CardFlex, Inc.;<br><br>JOHN BLAUGRUND, individually and as an officer of CardFlex, Inc.;<br><br>SHANE FISHER, individually and as a manager of Blaze Processing, LLC, and Mach 1 Merchanting, LLC;<br><br>and JEREMY LIVINGSTON, individually and as a manager of Blaze Processing, LLC, and Mach 1 Merchanting, LLC;<br><br>    Defendants. | CIVIL NO: 3:14-cv-00397<br><br>[Proposed]<br>STIPULATED PERMANENT INJUNCTION AND FINAL ORDER AGAINST DEFENDANT JEREMY LIVINGSTON |

On July 30, 2014 Plaintiff, the Federal Trade Commission ("FTC" or the "Commission"), filed its Complaint against CardFlex, Inc. ("CardFlex"), Blaze Processing, LLC, ("Blaze"), Mach 1 Merchanting LLC ("Mach 1"), Andrew Phillips, John Blaugrund, Shane Fisher and Jeremy Livingston ("Defendants"), for a permanent injunction and other equitable relief in this action, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The FTC and Jeremy Livingston ("Settling Defendant") stipulate to the entry of this Order to resolve all matters in dispute in this action between them.

1

THEREFORE, it is ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Settling Defendant participated in unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a), by enabling merchants to impose unauthorized charges to consumers' credit and debit card accounts.

3. Settling Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in the Order. Only for purposes of this action, Settling Defendant admits the facts necessary to establish jurisdiction.

4. Settling Defendant waives all rights to seek appellate review or otherwise challenge or contest the validity of this Order. Settling Defendant further waives and releases any claim he may have against Plaintiff, its employees, representatives, or agents.

5. Settling Defendant waives any claim that he may hold under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney's fees.

6. Settling Defendant waives all rights to appeal or otherwise challenge the validity of this Order.

**DEFINITIONS**

For the purpose of this Order, the following definitions shall apply:

1. "ACH Debit" means any completed or attempted debit to a Person's account at a financial institution that is processed electronically through the Automated Clearing House Network.

2. "Client" means any Person (a) who obtains, directly or indirectly, from Settling Defendant a merchant account that enables the acceptance of payments from a consumer for goods, services, or charitable donations; or (b) for whom Settling Defendant act as a Sales Agent, either directly or indirectly.

3. "Corporate Defendant" and "Corporate Defendants" means Blaze Processing, LLC ("Blaze"), Mach 1 Merchanting LLC ("Mach 1"), and their successors and assigns.

4. "Defendant" and "Defendants" means CardFlex, Blaze, Mach 1, Andrew M. Phillips, John S. Blaugrund, Shane Fisher and Jeremy Livingston, individually, collectively, or in any combination.

5. "Independent Sales Organization" or "ISO" means any Person that (a) enters into an agreement or contract with a Payment Processor to sell or market Payment Processing services to a merchant; and (b) holds, directly or indirectly, either partial or full liability in the event of losses related to the Payment Processing activities conducted by or on behalf of the merchant.

6. "iWorks" means the entities and individuals named as defendants in *FTC v. Jeremy Johnson, et al.* No. 2:10-cv-2203-RLH-GWF (D. Nev., filed December 21, 2010), and Big Bucks Pro, Inc.; Blue Streak Processing, Inc.; Bottom Dollar, Inc.; Bumble Marketing, Inc.; Business Loan Success, Inc.; Cutting Edge Processing, Inc.; Diamond J. Media, Inc.; Ebusiness First, Inc.; Ebusiness Success, Inc.; Ecom Success, Inc.; Excess Net Success, Inc.; Fiscal Fidelity, Inc.; Funding Search Success, Inc.; Funding Success, Inc.; GG Processing, Inc.; GGL Rewards, Inc.; Hooper Processing, Inc.; Internet Fitness, Inc.; Net Business Success, Inc.; Net Commerce, Inc.; Net Discounts, Inc.; Net Fit Trends, Inc.; Network Agenda, LLC; Optimum

Assistance, Inc.; Pro Internet Services, Inc.; Razor Processing, Inc.; Simcor Marketing, Inc.; Summit Processing, Inc.; Unlimited Processing, Inc.; Xcel Processing, Inc., and any other entity owned or controlled by Jeremy Johnson.

7. "Payment Processing" means providing a Person, directly or indirectly, with the means used to charge or debit accounts through the use of any payment mechanism, including, but not limited to, Remotely Created Payment Orders, Remotely Created Checks, ACH Debits, or debit, credit, prepaid, or stored value cards. Whether accomplished through the use of software or otherwise, Payment Processing includes, among other things: (a) reviewing and approving merchant applications for payment processing services; (b) providing the means to transmit sales transaction data from merchants to acquiring banks or other financial institutions; (c) clearing, settling, or distributing proceeds of sales transactions from acquiring banks or financial institutions to merchants; or (d) processing Chargebacks or returned Remotely Created Payment Orders, Remotely Created Checks, or ACH Debits.

8. "Payment Processor" means any Person providing Payment Processing services in connection with another Person's sale of goods or services, or in connection with any charitable donation.

9. "Payroll Payment Services" means providing the means for an organization, business, or government entity to issue payments directly to its employees, independent contractors, or constituents as compensation for performances or services rendered, such as the payment of officiating fees to sports officials, jury pay to jurors, and rodeo purses to rodeo participants.

10. "Person" means any natural person or any entity, corporation, partnership, or association of persons.

11. "Remotely Created Check" or "RCC" means a check that is not created by the paying bank and that does not bear a signature applied, or purported to be applied, by the Person on whose financial account the check is drawn. A remotely created check is often also referred to as a "demand draft," "telephone check" or "preauthorized draft." For purposes of this definition, a remotely created check originates as a paper-based transaction, but can be processed subsequently through electronic means (such as through check imaging or scanning) or through non-electronic means.

12. "Remotely Created Payment Order" or "RCPO" means a payment instruction or order drawn on a Person's financial account that is initiated or created by the payee and that does not bear a signature applied, or purported to be applied, by the Person on whose financial account the order is drawn, and which is deposited into or cleared through the check clearing system. For purposes of this definition, unlike a Remotely Created Check, a Remotely Created Payment Order does not originate as a paper-based transaction. A Remotely Created Payment Order is created when a payee directly or indirectly enters financial account and routing numbers into an electronic check template that is converted into an electronic file for deposit into the check clearing system.

13. "Sales Agent" means a Person that matches, arranges, or refers prospective Clients or Clients to a Payment Processor or ISO for Payment Processing, but does not hold any contractual liability in the event of losses related to the Payment Processing activities conducted by or on behalf of Clients. As such, a Sales Agent may be involved in recommending a particular Payment Processor or ISO to a prospective Client, forwarding to the Payment Processor or ISO a prospective Client's or Client's merchant application, or negotiating rates and fees charged by a Payment Processor or ISO, but a Sales Agent may not be involved in any

5

Payment Processing and may not act as an ISO.

14. "Settling Defendant" means Jeremy Livingston.

15. The words "and" and "or" shall be understood to have both conjunctive and disjunctive meanings.

**I.**

**PROHIBITION AGAINST PAYMENT PROCESSING OR ACTING AS AN ISO OR SALES AGENT**

**IT IS ORDERED that** Settling Defendant, his successors and assigns, whether acting directly or indirectly through any Person, subsidiary division, or other device, is permanently restrained and enjoined from Payment Processing or acting as an ISO or Sales Agent for any Client.

**Provided, however,** that this section shall not prevent Settling Defendant from providing Payroll Payment Services.

**Provided further, however,** that this section shall not prevent Settling Defendant from providing Payment Processing Services to organizations, businesses, or governments to whom Settling Defendant provides Payroll Payment Services for the limited purpose of accepting member dues in a union or bonafide trade association or athletic participation fees.

**II.**

**MONETARY JUDGMENT**

A. Judgment in the amount of $328,467.23 (Three Hundred Twenty-Eight Thousand, Four Hundred Sixty-Seven Dollars and Twenty-Three Cents) is entered in favor of the Commission against the Settling Defendant.

B. The judgment is fully suspended subject to the Subsections below.

C. The Commission's agreement to the suspension of the judgment against Settling

Defendant is expressly premised upon the truthfulness, accuracy and completeness of the the sworn financial statements and related documents (collectively, "financial representations" ) submitted to the Commission, namely:

1. The Financial Statement of Individual Defendant Livingston signed on May 14, 2014, including the attachments;
2. The sworn declaration of Individual Defendant Livingston signed on October 16, 2014; and
3. The additional documentation submitted via email from Individual Defendant's counsel, Jonathan O. Hafen, to Commission counsel Benjamin Davidson or Karen S. Hobbs:
    a. Dated May 20, 2014, attaching copies of Defendant's bank statements from 2011 to 2014;
    b. Dated May 29, 2014, attaching corporate tax returns from 2011 to 2013;
    c. Dated June 9, 2014, providing additional information and attaching copies of Defendant's individual tax returns for 2011 and 2012;
    d. Dated July 23, 2014, providing additional information about Paragon Enterprises LLC and Blackrock Partnership;
    e. Dated October 3, 2014, attaching mortgage loan documentation; and
    f. Dated October 16, 2014, attaching additional mortgage loan documentation.

D. The suspension of the judgment will be lifted if, upon motion by the Commission, the Court finds that the Settling Defendant failed to disclose any material asset, materially

misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E.  If the suspension of the judgment is lifted, the judgment becomes immediately due as to the Settling Defendant in the amount specified in Subsection A above which the parties stipulate only for purposes of this Section represents the unjust enrichment alleged in the Complaint less any payment previously made pursuant to this Section plus interest computed from the date of entry of this Order.

F.  Settling Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

G.  The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent proceeding by or on behalf of the Commission to enforce its rights to any payment or monetary judgment pursuant to this Order in a nondischargeability complaint in any bankruptcy case.

H.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. §523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

I.  Settling Defendant acknowledges that the Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Settling Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

J. All money paid to the Commission pursuant to this Order may be deposited into a fund

administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Settling Defendant's practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Individual Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

### III.

### PROHIBITION ON USE OF CONSUMER ACCOUNT INFORMATION

**IT IS FURTHER ORDERED** that Settling Defendant, whether acting directly or through any Person, subsidiary, division, or other device, is permanently restrained and enjoined from:

A. Disclosing, using, or benefitting from iWorks customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), which was obtained by any Settling Defendant prior to entry of this Order; and

B. Retaining such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order.

**PROVIDED, HOWEVER,** that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or

court order.

## IV.

## COOPERATION

**IT IS FURTHER ORDERED** that Settling Defendant must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Settling Defendant must provide truthful and complete information, evidence, and testimony. Settling Defendant must appear and must cause Corporate Defendants' officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## V.

## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Settling Defendant obtain acknowledgments of receipt of this Order:

- A. Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.
- B. For ten (10) years after entry of this Order, Settling Defendant for any business that Settling Defendant, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC members and managers; (2) all

    employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within seven days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Settling Defendant delivered a copy of this Order, Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VI.

## **COMPLIANCE REPORTING**

**IT IS FURTHER ORDERED** that Settling Defendant make timely submissions to the Commission:

A. 180 days after entry of this Order, Settling Defendant must submit a compliance report, sworn under penalty of perjury:

    1. Settling Defendant must:

        i. Identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences;

        ii. Identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Settling Defendant;

        iii. Identify all of Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email and Internet

       addresses;

   iv. Describe the activities of each business, including the goods and services offered, and the involvement of any other Defendant (which Settling Defendants must describe if he knows or should know due to his own involvement);

   v. Describe in detail whether and how Settling Defendant is in compliance with each Section of this Order;

   vi. Provide a copy of each Order Acknowledgement obtained pursuant to this Order, unless previously submitted to the Commission;

   vii. Identify all business activities, including any business for which Settling Defendant performs services whether as an employee or otherwise and any entity in which such Individual Defendant has any ownership interest; and

   viii. Describe in detail Settling Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For ten (10) years following entry of this Order, Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

   1. Settling Defendant must report a change in:

      i. Any designated point of contact;

      ii. The structure of any entity that Settling Defendant has any ownership interest in or controls directly or indirectly that may

> affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.
>
> iii. Name, including aliases or fictitious name, or residence address; or
>
> iv. Title or role in any business activity, including any business for which Settling Defendant performs services whether as an employee or otherwise and any entity in which Settling Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Settling Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal

>Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v. CardFlex, Inc.

## VII.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that Settling Defendant must create certain records for 10 years after entry of the Order, and retain each such record for 5 years.  Specifically, Settling Defendant, for any business that Setting Defendant, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and maintain the following records:

>A.  Accounting records showing the revenues from all goods or services sold;

>B.  Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

>C.  Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response; and

>D.  All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## VIII.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Settling Defendant's compliance with this Order, including the financial representations upon which the judgment was suspended, and any failure to transfer any assets as required by this Order:

>A.  Within 14 days of receipt of a written request from a representative of the

    Commission, Settling Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.  For matters concerning this Order, the Commission is authorized to communicate directly with Settling Defendant.  Settling Defendant must permit representatives of the Commission to interview any employee or other Person affiliated with any Settling Defendant who has agreed to such an interview.  The Person interviewed may have counsel present.

C.  The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Settling Defendant or any individual or entity affiliated with Settling Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## IX.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED,** this \_\_2nd\_\_ day of \_\_January, 2015.

_____
United States District Judge

The parties, by their respective counsel, hereby consent to the terms and conditions of the Order as set forth above and consent to the entry thereof.

FOR THE SETTLING DEFENDANT:

_____ Dated: 11/26/14
Jonathan O. Hafen
Parr Brown Gee & Loveless
Counsel for: Jeremy Livingston

_____ Dated: 11/12/14
Jeremy Livingston
and as a member of Mach 1 Merchanting, LLC
and Blaze Processing, LLC

FOR PLAINTIFF, THE FEDERAL TRADE COMMISSION:

JONATHAN E. NUECHTERLEIN
FEDERAL TRADE COMMISSION,
General Counsel

_____ Dated: _____
Benjamin R. Davidson
bdavidson@ftc.gov
Karen S. Hobbs
khobbs@ftc.gov Attorneys
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW, H-286
Washington, D.C. 20580
(202) 326-3055 (Davidson)
(202) 326-3587 (Hobbs)
Fax: (202) 326-3261

The parties, by their respective counsel, hereby consent to the terms and conditions of the Order as set forth above and consent to the entry thereof.

FOR THE SETTLING DEFENDANT:

_____     Dated:_____
Jonathan O. Haffen
Parr Brown Gee & Loveless
Counsel for: Jeremy Livingston


_____     Dated: _____
Jeremy Livingston
and as a member of Mach 1 Merchanting, LLC
and Blaze Processing, LLC
FOR PLAINTIFF, THE FEDERAL TRADE COMMISSION:



JONATHAN E. NUECHTERLEIN
FEDERAL TRADE COMMISSION,
General Counsel



*/s/ Benjamin R. Davidson*     Dated:  12/22/14
Benjamin R. Davidson
bdavidson@ftc.gov
Karen S. Hobbs
khobbs@ftc.gov Attorneys
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW, H-286
Washington, D.C. 20580
(202) 326-3055 (Davidson)
(202) 326-3587 (Hobbs)
Fax: (202) 326-3261