**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

CARDFLEX, INC, *et al.*,

Defendants.

Case No. 3:14-CV-00397-MMD-CLB

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER AND DEFENDANTS' MOTION TO REOPEN DISCOVERY AND FOR EXTENSION OF TIME**

[ECF Nos. 113, 115]

Plaintiff Federal Trade Commission ("FTC") brought this action against Defendants CardFlex, Inc., Andrew M. Phillips, and John S. Blaugrund (collectively referred to as "Cliq Defendants") in 2014. (ECF No. 1.) The parties settled in May 2015, and the Court granted the parties' stipulated permanent injunction and final order ("2015 Order") against the Cliq Defendants. (ECF No. 54.) On December 15, 2025, FTC filed a motion to hold Cliq Defendants in contempt and modify the 2015 Order ("Combined Motion"). (ECF Nos. 64-73.) The instant order concerns two motions currently pending before the Court: (1) FTC's motion to reconsider the Court's prior order granting the Cliq Defendants motion to seal, (ECF No. 113); and (2) Cliq Defendants' motion to reopen discovery and extend the briefing schedule for the Combined Motion, (ECF No. 115). For the reasons discussed below, both motions are denied.

I.      **MOTION FOR RECONSIDERATION**

The Court will first consider FTC's motion to reconsider the Court's order granting Cliq Defendants' motion to seal, (ECF No. 97). (ECF No. 113.) On January 5, 2026, Cliq Defendants filed a motion for leave to seal confidential information contained in the Combined Motion. (ECF No. 84.) Specifically, Cliq Defendants sought to seal two categories of documents: "(1) documents reflecting Cliq's competitively sensitive pricing information; and (2) documents detailing Cliq's confidential and proprietary underwriting policy and procedures." (*Id.* at 2.) The Court granted Cliq Defendants' motion to seal on

January 9, 2026. (ECF No. 97.)

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *DZ Bank AG Deutsche Zentral Genossenschaftsbank v. Choice Cash Advance LLC*, 608 F. App'x 497, 498 (9th Cir. 2015) (quoting *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *Wells Fargo Bank, N.A. v. Mahogany Meadows Avenue Trust*, 979 F.3d 1209, 1218 (9th Cir. 2020) (citation omitted); *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014). New evidence in a motion for reconsideration is permitted only if it is likely to change the outcome of the decision. *Borenstein v. Animal Foundation*, 2021 WL 372190, at *2 (D. Nev. Aug. 5, 2021) (citing *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990)). A motion for reconsideration is properly denied where it presents no new arguments or evidence. *See United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Motions to reconsider are rarely granted. *See, e.g., School Dist. No. 1J*, 5 F.3d at 1263.

FTC first argues reconsideration of the Court's prior order is proper because the Court granted Cliq Defendants' motion to seal before the deadline for FTC to respond to the motion passed. (ECF No. 113 at 2-3.) FTC further argues that the motion for reconsideration raises new arguments and facts it did not have the opportunity to present prior to the granting of Cliq Defendants' motion to seal. (*Id.* at 3-18.) In opposition, Cliq Defendants argue that FTC has failed to present any new facts, intervening law, clear error, or manifest injustice to warrant the reconsideration of the Court's prior order. (ECF No. 125 at 2-11.)

The Court will first address FTC's arguments relating to the compelling reasons standard for filing documents under seal. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use

2

of records to ... release trade secrets." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978)). FTC argues that Cliq Defendants did not meet the compelling reasons standard generally. (ECF No. 113 at 3-5.) However, FTC does not point to any changes in the controlling law regarding sealing and the compelling reasons standard. (*See id.*)

FTC next argues that there are no compelling reasons to seal the specific documents in question. (*Id.* at 5-11.) As stated above, the motion to seal was granted as to two categories of documents: (1) documents reflecting Cliq's pricing information; and (2) documents detailing Cliq's underwriting policy and procedures. (*See* ECF Nos. 84, 97.) As to pricing information, the Ninth Circuit has held pricing terms "plainly falls within the definition of 'trade secrets.' " *In re Electronic Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008). Although FTC cites cases from District Courts within the Ninth Circuit, FTC did not identify any change in *controlling* law. Based on this, FTC has not identified clear error or a change in controlling law as to the sealing of documents containing pricing information. *DZ Bank*, 608 F. App'x at 498.

Turning to the underwriting policy and procedures, the Ninth Circuit has explained that a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Electronic Arts, Inc.*, 298 Fed. Appx. at 569-70 (quoting *Restatement of Torts* § 757, cmt. b); *see also Clark v. Bunker,* 453 F.2d 1006, 1009 (9th Cir. 1972) (adopting the Restatement definition and finding that "a detailed plan for the creation, promotion, financing, and sale of contracts" constitutes a trade secret). Under this standard, the Court does not find it was error to determine that underwriting policy and procedures should be considered trade secrets and therefore sealed. Here, again, FTC fails to identify any change in controlling law or establish why the Court's decision to grant the motion to seal was clear error. *DZ Bank*, 608 F. App'x at 498.

Further, although the Court accepts FTC's argument that the facts in its motion

for reconsideration are "new" to the extent that the Court did not have the opportunity to review them before granting Cliq Defendants' motion to seal, the Court does find that those facts were likely to change the outcome of the decision. *Borenstein*, 2021 WL 372190, at *2 (citing *Aero/Chem Corp.*, 921 F.2d at 878). Thus, the Court does not find that new facts exist which warrant reconsideration of the prior order. *DZ Bank*, 608 F. App'x at 498.

Finally, although FTC was not given the opportunity to oppose Cliq Defendants' motion to seal before it was granted, the Court does not find that this constitutes manifest injustice or a highly unusual circumstance that warrants reconsideration of its prior order. *DZ Bank*, 608 F. App'x at 498. Therefore, the Court does not find that any of the grounds for reconsideration of the Court's prior order have been met, and FTC's motion for reconsideration is denied. *Id.*

## II.    MOTION TO REOPEN DISCOVERY AND FOR EXTENSION OF TIME

The Court now turns to Cliq Defendants' motion to reopen discovery and for extension of time. (ECF No. 115.) Cliq Defendants first request that discovery be reopened for 45 days "regarding issues limited to violations of the 2015 Order." (*Id.* at 3, 5-7.) Cliq Defendants then request that the deadline to file an opposition to the Combined Motion be extended until 30 days after the close of discovery. (*Id.* at 8.) The Court will first address Cliq Defendants' request to reopen discovery before addressing the requested extension of time.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, district courts are directed to consider the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995) (citation omitted), *vacated on other grounds*, 520 U.S. 939 (1997)). There is no basis for reopening discovery where the justification is "merely speculative" and the party moving to reopen discovery does not identify what evidence, if any, additional discovery would reveal. *Abila v. United States*, No. 2:09-CV-01345-KJD, 2013 WL 486973, at *4 (D. Nev. Feb. 6, 2013) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 294 (1968) (finding no error in denying further discovery when the "petitioner has [offered] only speculation as to what discovery would reveal...."); *Schumer v. Hughes,* 63 F.3d 1512, 1526 (9th Cir. 1995) (denying motion to re-open discovery where plaintiff could "only speculate[ ] as to what evidence, if any, further discovery would produce.")).

Cliq Defendants argue discovery should be reopened "for the narrow purpose of collecting any information relevant to their defense in this contempt proceeding." (ECF No. 115 at 5.) The only specific discovery Cliq Defendants reference in their motion is in relation to expert and third-party declarations included by FTC as support for its Combined Motion. (*Id.* at 7.) Cliq Defendants state they "are entitled to take the depositions of those declarants." (*Id.*) However, Cliq Defendants do not identify the evidence they anticipate arising from this further discovery whatsoever, failing to even speculate as to what evidence might be produced. *Abila*, 2013 WL 486973, at *4; *Schumer,* 63 F.3d at 1526. Therefore, the Court does not find that good cause exists to reopen discovery and the portion of Cliq Defendants' motion seeking reopening of discovery is denied. *Id*; Fed. R. Civ. P. 16(b)(4). As the request for extension of time to file an opposition is based on the reopening of discovery, Cliq Defendants' motion is denied in its entirety.

Furthermore, Cliq Defendants state they need the discovery to oppose the Combined Motion. However, as of the date of this order, Cliq Defendants have filed their opposition. (ECF Nos. 132-141.) Thus, Cliq Defendants' request for additional discovery to file their opposition is moot. As the opposition has been filed, the portion of Cliq

Defendants' motion seeking an extension of the deadline to file the opposition is also moot. Consequently, Cliq Defendants' motion may be denied in the alternative as moot.

**III.   CONCLUSION**

**IT IS THEREFORE ORDERED** that FTC's motion for reconsideration, (ECF No. 113), is **DENIED**.

**IT IS FURTHER ORDERED** that Cliq Defendants' motion to reopen discovery and for extension of time, (ECF No. 115), is **DENIED**.

**DATED**: February 25, 2026.

_____
**UNITED STATES MAGISTRATE JUDGE**