UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 3:14-cv-00397-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| CARDFLEX, INC., *et. al.*, | |
| Defendants. | |

I. **SUMMARY**

This order addresses the parties' dispute as to Defendants' motions to seal certain documents. The Court previously granted Defendants' motion to seal two categories of documents in Plaintiff's Combined Motions (ECF No. 64): Defendants' "competitively sensitive pricing information" and Defendants' "confidential and proprietary underwriting policy and procedures." (ECF No. 97, granting Defendants' motion to seal (ECF No. 84)[1].) In addition to these two categories, Defendants have moved to seal additional filings that they generally describe as confidential business information and other sensitive information. Plaintiff reserves its objection to the Court's prior rulings, but argues that Defendants have failed to meet their burden to establish that compelling reasons support sealing additional categories of evidence. The Court generally agrees with Plaintiff.

II. **DISCUSSION**

The Court will address Defendants' motions to seal which Plaintiff opposes.[2] But first, the Court reiterates the standard for sealing.

---

[1]The Court subsequently denied Plaintiff's motion for reconsideration. (ECF No. 166.)

[2]The Court grants Defendants' unopposed motion to seal (ECF Nos. 154, 157 (corrected image)) and Plaintiff's unopposed motion to seal (ECF No. 196). The Court further grants Defendants' motion to seal (ECF No. 203) based on Plaintiff's response

There is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). To overcome this strong presumption, the party seeking to seal must make a particularized showing as to why the filings should be sealed and provide compelling reasons, supported by specific factual arguments, for their request. *See Kamakana*, 447 F.3d at 1178; *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

**A.   ECF No. 146**

Defendants seek leave to seal three categories of information in connection to their opposition to Plaintiff's Combined Motions: "(A) personal information, such as credit reports and background checks; (B) confidential business information, including financial metrics for Cliq, such as profit/revenue ratios, and (C) information regarding Cliq's underwriting process."[3] (ECF No. 146 at 3.) Under the second category, Defendants include "other confidential business information, such as the number of merchants or MIDs (merchant identification number) Cliq has; average chargeback ratios; and transaction volume." (*Id.* at 5.) Defendants insist that public disclosure of such information would harm Cliq. (*Id.*) Plaintiff counters that it is not clear how such information is confidential and how its disclosure would be harmful to Cliq. (ECF No. 182 at 2.) The Court agrees with Plaintiff. While confidential business information may provide compelling reasons to seal, Defendants have not made a particularized showing that the additional information they have identified—number of merchants, average chargeback

---

that it does not oppose sealing underwriting information given the Court's prior ruling (ECF No. 217). Finally, the Court grants Plaintiff's motion to temporarily seal its opposition to Defendants' motion to strike (ECF No. 209).

[3]There does not appear to be a dispute that compelling reasons exist to seal information under the first category, and the Court already found Defendants have demonstrated compelling reasons to seal the third category. (ECF No. 97.) Thus, the Court addresses only the second category.

ratios and transaction volume—is the type of confidential and proprietary information the disclosure of which would harm Cliq.

In sum, the Court grants Defendants' motion to seal (ECF No. 146) in part and denies it in part. The Court grants the motion to seal the first category of information (personal information) and third category of information (underwriting process), but denies the motion to seal the additional confidential business information in the second category: "the number of merchants or MIDs (merchant identification number) Cliq has; average chargeback ratios; and transaction volume." Defendants will need to revise their proposed redactions to reflect this ruling and file corrected versions on the docket within seven days.

### B.      ECF No. 163

Defendants seek to seal two declarations—Declaration of Joanna Oliva and Declaration of John Blaugrund—filed as ECF Nos. 161, 162. The second page of the Olivia Declaration contains Cliq's average chargeback ratio, number of merchants on board and transaction volume. (ECF No. 161 at 2.) As discussed above, Defendants have failed to demonstrate compelling reasons support sealing this category of business information. The Blaugrund Declaration contains more general information about the type of merchants that Cliq services and the negative impact upon these merchants if Cliq is required to terminate a merchant. (ECF No. 162.) The Court agrees with Plaintiff that Defendants have not demonstrated compelling reasons exist to support sealing such general business information. (ECF No. 185.) Accordingly, the Court denies Defendants' motion to seal the two declarations (ECF No. 163).

### C.      ECF No. 193; ECF No. 195 (Corrected Image)[4]

Defendants seek redactions to Plaintiff's reply brief and to seal three exhibits—PX 319, 334 and 359. (ECF No. 193 at 2-4.) Some of the requested redactions relate to chargeback and merchant information that the Court already addressed. Plaintiff also

---

[4]The errata corrects the omission of Plaintiff's proposed redacted reply brief which should have been attached to ECF No. 193. (ECF No. 195.)

pointed out the source materials for the information that Defendants seek to redact are already made public, and Defendants seek to seal information that belong to a third party who has consented to public disclosure. (ECF No. 210 at 2-4.) Moreover, the Court generally agrees with Plaintiff that Defendants cannot seek to seal information about Plaintiff's contention as to how Defendants' alleged business practices, including charge back ratio, violate the Stipulated Order for Permanent Injunction "that the public has a right to know as part of understanding FTC's positions." (*Id.* at 4.) For these reasons, the Court denies Defendants' motion to seal as it relates to Plaintiff's reply brief (ECF No. 193).

## III.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendants' motion to seal as it relates to their opposition to Plaintiff's Combined Motions (ECF No. 146) is granted in part and denies in part as discussed herein. Defendants are directed to revise their proposed redactions to their opposition brief to reflect this ruling and file corrected versions on the docket within seven days.

It is further ordered that Defendants' motion to seal two declarations (ECF No. 163) is denied. The Clerk of Court is directed to unseal the two declarations filed as ECF Nos. 161, 162.

It is further ordered that the unopposed motions to seal (ECF Nos. 154, 157 (corrected image), 196, 203) are granted.

It is further ordered that Defendants' motion to seal as it relates to Plaintiff's reply brief (ECF No. 193) is denied.

It is further ordered that Plaintiff's motion to temporarily seal its opposition to Defendants' motion to strike (ECF No. 209) is granted.

DATED THIS 20th Day of April 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE